UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| ELIZABETH M. CATANIA,<br>     Plaintiff,<br>  v.<br>UNITED STATES OF AMERICA,<br>     Defendant. | **DECISION**<br>**and**<br>**ORDER**<br>**14-CV-553A(F)** |

_____

APPEARANCES:   WILLIAM K. MATTAR, P.C.
           Attorney for Plaintiff
           F. DAVID RUSIN, of Counsel
           6720 Main Street, Suite 100
           Williamsville, New York  14221

           WILLIAM J. HOCHUL, JR.
           UNITED STATES ATTORNEY
           Attorney for Defendant
           GAIL Y. MITCHELL,
           Assistant United States Attorney, of Counsel
           138 Delaware Avenue
           Buffalo, New York 14202

In this Federal Tort Claim Act action arising from a rear-end collision between Plaintiff's auto driven by Plaintiff which was struck by a government vehicle while Plaintiff was stopped in traffic ("the accident"), Defendant moves, by papers filed July 10, 2015, to compel, *inter alia*, authorizations for Plaintiff's medical and pharmacy records (Dkt. 15) ("Defendant's motion").  Defendant's motion is supported by the Affidavit of Gail Y. Mitchell ("Mitchell Affidavit"), together with Exhibits 1-8 (Dkt. 2-4, ("Defendant's Exh(s). \_\_") and Defendant's Memorandum of Law in Support of Defendant's Motion (Dkt. 16) ("Defendant's Memorandum").  Plaintiff opposed Defendant's motion by filing on July 22, 2015 the Affidavit of F. David Rusin attaching

Exhibits 1-9 (Dkt. 18) ("Rusin Affidavit") ("Plaintiff's Exh(s). __") in which Plaintiff also requested a protective order limiting Defendant's request by time frame and Plaintiff's injured body parts ("the Requested Authorizations").  Oral argument was conducted August 6, 2015 at which Defendant's motion was granted as to Plaintiff's tax records with decision reserved as to the Requested Authorizations (Dkt. 20).   Defendant's Supplemental Memorandum of Law (Dkt. 22) was filed August 17, 2015 ("Defendant's Supplemental Memorandum").

Regarding the remaining issue as to the proper scope of the Requested Authorizations in response to Defendant's First Request for Documents, Plaintiff's Exh. 5 ¶ 12, Plaintiff provided authorizations unrestricted as to duration but limited as to parts of Plaintiff's body which Plaintiff claims were injured in the collision at issue.  Rusin Affidavit ¶ 6.  As an accommodation, by letter dated April 7, 2015, Defendant limited its request to Plaintiff's healthcare facilities and providers with whom Plaintiff treated during the five-year period prior to the May 7, 2013 accident.  Defendant's Exh. 4 at 2.  In response, Plaintiff nevertheless refused to provide the Requested Authorizations for other than the body parts at issue – Plaintiff's head, leg, spinal areas, left hand, left wrist, and left shoulder, Plaintiff's Answers to Defendant's Interrogatory No. 6, Mitchell Affidavit Exh. 4 (Dkt. 15-3 at 4-5) – contending that to authorize release of Plaintiff's medical records beyond treatment of these bodily areas would permit Defendant to conduct a "fishing expedition" for irrelevant material.  Plaintiff's Exh. 9 (Dkt. 18-9 at 3).  , Plaintiff further argues that as Plaintiff is not claiming an aggravation of prior injuries, Defendant is not entitled to unlimited discovery regarding Plaintiff's history of medical

2

treatment. *Id.* at 3 (Dkt. 18-9 at 26) (citing *Pokigo v. Target Corporation*, 2014 WL 6885905, at **2-3 (W.D.N.Y. Dec. 8, 2014) (Schroeder, M.J.)) ("*Pokigo*").

In support of Defendant's motion, Defendant argues that absent the Requested Authorizations, Defendant will be unable to determine and pursue potential defenses to Plaintiff's serious injury and lost wage claims that may be attributable to Plaintiff's preexisting conditions. Defendant's Memorandum at 8. While Plaintiff maintains that such broader medical information is irrelevant because Plaintiff does not assert any of her injuries represent an aggravation of preexisting injuries, Defendant's need for this discovery is not, however, limited by Plaintiff's disclaimer. It may or may not be the fact that Plaintiff's injuries represent new injuries only and not an aggravation of a preexisting condition as Plaintiff asserts, an issue relevant to Plaintiff's claims as well as Defendant's defense. Further, Plaintiff's objection avoids the question of whether Plaintiff has in fact any history of pre-existing conditions that may impair Plaintiff's ability to establish that the accident was the proximate cause of Plaintiff's alleged serious injuries or her claim for lost wages which the Requested Authorization seek to answer. Unless Defendant has an opportunity to determine for itself whether Plaintiff's medical history includes a preexisting condition, or any other condition, relevant to proximate cause, or whether Plaintiff's injuries and damages are in whole or in part the result of a preexisting or other condition as was the issue in *Pokigo*, Defendant may be deprived of potential relevant information to which it is entitled under Fed.R.Civ.P. 26(b)(1) ("Rule 26(b)(1)").

Although Plaintiff states she is not claiming injuries and damages as a result of Defendant's negligence causing an aggravation of a preexisting condition, Plaintiff does

3

not specifically deny she has experienced and was treated for a preexisting physical or mental health condition which may have been symptomatic or asymptomatic at the time of the accident and which therefore could reasonably relate to her claim of serious injury.  To deny Defendant the ability to make its own determination on this question through the Requested Authorizations places the question of the relevancy of Defendant's request, *i.e.*, whether Plaintiff had any preexisting physical or mental condition(s) which conceivably could adversely affect Plaintiff's ability to establish that the accident was the proximate cause of Plaintiff's alleged serious injury and damage claims, in the hands of Plaintiff contrary to the broad scope of discovery to which Defendant is entitled under Rule 26(b)(1).  *See Lewis v. Velez*, 149 F.R.D. 474, 483 (S.D.N.Y. 1993) (medical records showing plaintiff's preexisting conditions relevant to issue of causation).

As recently amended, Rule 26(b)(1) permits discovery of any information regardless of its admissibility, relevant to a claim or defense and proportional to the needs of the case when considered in the light of the factors stated in the amended rule.  Here, Defendant's request is based on Plaintiff's claim to have suffered a serious injury and a basic economic loss as defined in Article 51 of the New York Insurance Law ("N.Y. No-Fault Law"), N.Y. Ins. Law §§ 5101 *et seq.,* as a result of the accident and Defendant's ability to establish its affirmative defenses (Answer (Dkt. 7) ¶¶ 12, 20) that the Complaint fails to state a claim and that Plaintiff has not sustained a serious injury as defined in the N.Y. No-Fault Law, N.Y. Ins. Law § 5102(d) caused by the accident. Plaintiff argues that unless a plaintiff seeking compensatory damages under the N.Y. No-Fault Law alleges that her injuries were, under § 5102(d), serious and constituted an

aggravation of a prior injury, discovery of the plaintiff's medical records is limited to any past treatment related to the specific injuries alleged, such as to Plaintiff's spinal areas as a result of the auto accident.  Rusin Affidavit ¶ 10 (Defendant "not entitled to unbridled access to plaintiff's entire medical history.").  Plaintiff relies on the recent *Pokigo* decision in which Judge Schroeder held that as "plaintiff has significant pre-existing and ongoing mental and physical conditions which can reasonably be expected to impact her claim for damages resulting from the incident [plaintiff's slip and fall on defendant's property],[1] defendant is entitled to full discovery regarding plaintiff's treatment history."  *Pokigo*, 2014 WL 6885905, at *2 (citing *Bruno v. CSX Transp., Inc.*, 262 F.R.D. 131, 133-34 (N.D.N.Y. 2009) (granting discovery of medical records relating to plaintiff's substance abuse and mental health treatment where disclosure was likely to reveal evidence of alternative or intervening causes for the damages claimed by plaintiff).  *See* Rusin Affidavit Exh. 9 (Dkt. 18-9 at 5) (citing *Pokigo*).

      Plaintiff's reliance on *Pokigo* is misplaced.  First, *Pokigo*, as a slip and fall case, is not, as is the instant case, subject to the N.Y. No-Fault Law under which upon a showing by defendant that a plaintiff's alleged serious injuries resulted from a preexisting injury, a plaintiff is required to rebut such showing based on objective medical evidence.  *See Brusso v. Imbeault*, 699 F.Supp.2d 567, 585-86 (W.D.N.Y. 2010) ("Where . . . defendant's proof that the plaintiff has not sustained a serious injury as a result of the motor vehicle accident at issue rests in part on evidence that she had a preexisting medical condition prior to the accident, the plaintiff must address that contention in her medical reports [ ]" or face summary judgment) (citing caselaw).  Plaintiff does not dispute that New York No-Fault Law applies to this FTCA action.  *See*

---

[1] Bracketed material added.

*Rambarrat v. United States*, 227 Fed.Appx. 82, 93 (2d Cir. 2007). Second, contrary to Plaintiff's contention, *Pokigo* does not hold that evidence of a plaintiff's precondition was a necessary prerequisite to the requested authorizations at issue in that case, only that such evidence was sufficient to warrant production. In *Pokigo*, the record indicated plaintiff had been treated for mental health symptoms – stress and anxiety– that prevented her return to work and for a endocrinological condition relevant to her injury and pain claims. *Pokigo*, 2014 WL 6885905 at *1. Here, Plaintiff has refused to provide any information concerning Plaintiff's medical history for the 10-year period prior to the accident (Dkt. 15-3 at 28) thereby preventing Defendant from learning the existence, or not, of Plaintiff's preexisting conditions, and Plaintiff has not denied the existence of such preconditions. Thus, contrary to Plaintiff's contention, *Pokigo* demonstrates the importance of obtaining a plaintiff's prior medical treatment history and preexisting conditions which may serve to explain the actual cause of a plaintiff's claimed injuries and provide evidence warranting a limitation of a plaintiff's claimed damages.

As amended, Rule 26(b)(1) authorizes discovery as to any information relevant to a claim or defense, Rule 26(b)(1), and relevance means the evidence is probative, *i.e.*, tending to making an asserted fact of consequence in the case more or less probable than it would be without the evidence. Fed.R.Evid. 401. Here, Defendant seeks, as limited by Defendant, Plaintiff's prior medical history for the past five years. Given that such information could reveal Plaintiff had preexisting conditions – a fact not specifically denied by Plaintiff – upon which Defendant may show *prima facie* that Plaintiff's claimed injuries to Plaintiff's spine represent the result of such preexisting conditions and as such were the actual cause of Plaintiff's pain and suffering and lost wage claims. The

same would be true if Plaintiff's preexisting conditions included mental health treatments. *See Pokigo*, 2014 WL 6885905, at *1 (plaintiff's mental health treatment relevant to plaintiff's injury and damage claims and defendant's defense). As noted, Defendant's showing would require, under applicable New York law, Plaintiff to rebut Defendant's expert opinion on this issue or risk summary judgment. *See Brusso*, 699 F.Supp.2d at 585-86. Providing the Requested Authorizations will thus enable Defendant to ascertain whether Plaintiff has a preexisting condition that could bear on the issue of proximate cause and Plaintiff's lost income claim, facts of consequence to the case. Therefore, the Requested Authorizations seek relevant information as authorized by Rule 26(b)(1).

Plaintiff's argument that because Plaintiff has not alleged Defendant aggravated any preexisting condition also ignores that under New York No-Fault Law a defendant may be liable for aggravation of a plaintiff's preexisting condition if such preexisting condition at the time of the accident is asymptomatic, *i.e.*, not showing active symptoms of a preexisting condition requiring treatment. *See Sanchez v. Travelers Companies, Inc.*, 658 F.Supp.2d 499, 512 and n. 3 (W.D.N.Y. 2009) (evidence of aggravation of asymptomatic disc disease defeats defendant's summary judgment request); *Verkey v. Hebard*, 952 N.Y.S.2d 356, 358 (4th Dept. 2012) ("well-settled that the aggravation of an asymptomatic condition can constitute a serious injury") (citing cases). Thus, regardless of whether Plaintiff has or has not pleaded that the accident aggravated an asymptomatic prior condition, Defendant is entitled to learn whether Plaintiff's medical history includes preexisting physical or mental health conditions and the medical status, *i.e.*, symptomatic or asymptomatic, of any such preexisting condition that may defeat

Plaintiff's allegations that Plaintiff suffered a serious injury and recoverable lost wages under N.Y. Ins. Law § 5102(d) as a result of the accident.  To accept Plaintiff's argument – that a plaintiff's disclaimer of seeking damages for an aggravation of a preexisting condition immunizes a plaintiff from discovery of the plaintiff's preexisting conditions, if any – would therefore require Defendant to acquiesce in Plaintiff's assertion that at the time of the accident Plaintiff had no preexisting conditions relevant to the case, contrary to the scope of discovery available to Defendant under Rule 26(b)(1), that party may obtain discovery of information relevant to a claim <u>or</u> <u>defense</u> in the case and, as such, it is without merit.

Nor is it sufficient for Plaintiff to assert, Dkt. 15-4 at 26 ("The information requested by defendant . . . should be discoverable through the medical authorizations provided by plaintiff."), that Defendant may glean Plaintiff's past relevant medical information from the records which Defendant will obtain as a result of the authorizations Plaintiff provided limited to Plaintiff's treatment for her alleged physical injuries.  Such contention is based on the assumption that Plaintiff fully disclosed all her preexisting conditions to her treating physician or chiropractor or other health care provider following the accident, an assumption which Defendant is entitled to test through a careful review of the records to be obtained by the Requested Authorizations.  *See, e.g., Brusso*, 699 F.Supp.2d at 585 (noting plaintiff in that case failed, in her pre-examination medical history form, to reveal to her treating chiropractor that she had received prior treatment by another chiropractor approximately 11 years earlier related to a prior auto accident).  To suggest, as does Plaintiff, that Defendant should rely on the completeness of information concerning her past medical history Plaintiff provided to

her physician providing treatment in connection with the accident places an unwarranted limitation on relevant discovery to which Defendant is entitled. There is, accordingly, no basis for placing the burden on Defendant to reconstruct, accurately, through its own investigation Plaintiff's complete medical history, and Plaintiff cites no authority to support this novel argument. Nor do the Requested Authorizations represent an unduly burdensome or otherwise disproportionate to Defendant's need for the requested information, *see* Rule 26(b)(1) (listing factors to be considered by court on this possible basis for limiting discovery), and Plaintiff does not argue otherwise.

Finally, Plaintiff has not argued that providing the Requested Authorizations and responsive records will cause Plaintiff any undue inconvenience or embarrassment, and that Plaintiff has not moved for a protective order pursuant to Fed.R.Civ.P. 26(c) on such grounds.

## CONCLUSION

Based on the foregoing, Defendant's motion (Dkt. 15) is GRANTED; Plaintiff's request to limit the scope of the authorizations sought by Defendant is DENIED. Plaintiff shall provide all Requested Authorizations in a form reasonably acceptable to Defendant within 15 days of this Decision and Order.
SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated:  January 28, 2016
         Buffalo, New York